(No. 82-CC-0775–)

EDWARD HARBOUR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1986.*

EDWARD HARBOUR, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim filed by a resident of the Stateville Correctional Center requesting monetary damages for the alleged failure of the Department of Corrections to

follow medical orders with respect to his diet and requesting an order directing the Department of Corrections to follow all future medical orders with respect to Claimant.

Claimant seeks to recover the sum of $15,000.00 for medical and mental damages due to the refusal of Respondent to follow doctor's prescribed orders. Claimant has cancer and the doctor had prescribed that Claimant be given six (6) cans of a diet supplement called ENSURE. The record discloses that after a tonsillectomy in September 1979, the tonsillar material was found to be cancerous. The record also discloses that since 1979 Claimant has had many medical problems, some quite serious in nature. By-products of the cobalt treatments Claimant received were that his upper teeth became loose and had to be extracted, his salivary glands were burned so that he must continually carry liquid with him, and he has degenerative arthritis.

Claimant became involved in a dispute with the institution's food service director, Mrs. Morrison, over the availability of ENSURE, a nutritional supplement, and therefore this suit was filed.

It appears from the testimony taken at the hearing in this matter that ENSURE is no longer an issue in this case. Claimant's present area of concern is that because breakfast is served at 4:30 a.m., he eats only two meals a day, namely, lunch and supper, and buys extra food out of his own funds. At the hearing, Claimant introduced as evidence Exhibit 1, which was a list of foods purchased by him from October 7, 1982, through February 19, 1986, and asks to be reimbursed for these purchases in the approximate amount of $300.00.

A Departmental Report, dated March 5, 1986, and

introduced into evidence as Respondent's Exhibit 1, disputes that Claimant is in need of food over and above that furnished by the institution.

It appears from the evidence that for some unexplained reason, Claimant did not see fit to eat breakfast at the time it was served at the institution.

The Commissioner's Report in this matter calls attention to the fact that the Unified Code of Corrections specifically provides that all institutions and facilities of the Department of Corrections shall provide every committed person with a wholesome and nutritional diet at regularly scheduled hours.

The jurisdiction of the Court of Claims is set forth in section 8 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8), which provides, in part, as follows:

"§8. The Court shall have exclusive jurisdiction to hear and determine the following matters:

(a) All claims against the State founded upon any law of the State of Illinois, or upon any regulation thereunder by an executive or administrative officer or agency, other than claims arising under the Workers' Compensation Act or the Workers' Occupational Diseases Act, or claims for expenses in civil litigation."

Claimant in fact is asking that the Court of Claims set itself up as a supervisory body to monitor the Department of Corrections' compliance with the statutory provisions for feeding inmates. It is the opinion of this Court that the Court of Claims does not have the power to issue orders to the Department of Corrections as to the diet to be served inmates.

It is the Court's further opinion that Claimant has failed to prove his case. Claim denied.